Opinion issued April 9, 2026



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-26-00311-CV

_____

### IN RE RYEN MICHELLE STAGGERS, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Ryen Michelle Staggers, proceeding pro se, filed a petition for writ of mandamus challenging a "[c]ontested [t]emporary [o]rder signed by the [trial court] on March 27, 2026."[1]  Relator's petition for writ of mandamus asserted that the trial court abused its discretion by signing the March 27, 2026 order.  Relator

---

[1]    The underlying case is *In the Interest of M.K.S.-C, a Child*, Cause No. 2025-77173, in the 257th District Court of Harris County, Texas, the Honorable Sandra Peake presiding.

therefore requested that this Court "[i]ssue an emergency order under [Texas Rule of Appellate Procedure] 52.10 staying the enforcement of the March 27, 2026[] [o]rder . . . , stay all underlying proceedings in the [t]rial [c]ourt pending the resolution" of the petition, and to further grant her petition for writ of mandamus and direct the trial court to vacate the March 27, 2026 order "as void due to extrinsic fraud and the violation of [r]elator's due process rights."

Relator previously filed an original proceeding in this Court, assigned appellate case number 01-26-00300-CV, seeking similar relief. As in her previous original proceeding, relator has failed to file a mandamus record or appendix including an order signed by the trial court, dated March 27, 2026 or otherwise. *See* TEX. R. APP. P. 52.3(l)(1)(B) (requiring relator to provide an appendix to petition for writ of mandamus including "a certified or sworn copy of the relevant trial court order"), 52.7(a); *see also In re State Farm Lloyds*, No. 05-25-01224-CV, 2025 WL 2723146, at *1 (Tex. App.—Dallas Sept. 24, 2025, orig. proceeding) (mem. op.) (denying mandamus relief "[b]ecause the mandamus record d[id] not include a copy of the trial court's order"). That leaves this Court unable to study the order challenged by relator to consider the merits of her petition. Accordingly, we conclude that relator has failed to establish she is entitled to mandamus relief, and therefore, the Court denies relator's petition for writ of mandamus. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Gunn, Caughey, and Morgan.